**XIU YING ZHENG, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

Nos. 07–4343, 07–4780.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) June 11, 2009.

Opinion Filed: Oct. 20, 2009.

David X. Feng, Esq., The Feng & Associates, New York, NY, for Petitioner.

Sharon M. Clay, Esq., Richard M. Evans, Esq., Thomas W. Hussey, Esq., Rebecca A. Niburg, Esq., Andrew J. Oliveira, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

McKEE, Circuit Judge.

Xiu Ying Zheng petitions for review of a decision of the Board of Immigration Appeals affirming an Immigration Judge's or-

der denying her motion to reopen her removal proceedings. For the reasons that follow, we will deny the petition for review.

## I.

Inasmuch as we write primarily for the parties who are familiar with the factual and procedural background of this case, we need not recite the facts underlying this appeal.

Zheng argues that the Board erred in affirming the IJ's adverse credibility determination and in denying her motion to reopen based on ineffective assistance of counsel.[1]

When the Board adopts the IJ's decision, we review the IJ's determination as the final agency decision under the substantial evidence standard and affirm unless any reasonable trier of fact would be "compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). We review the Board's decision to deny a motion to reopen only for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Korytnyuk v. Ashcroft*, 396 F.3d 272, 293 (3d Cir.2005).

## II.

The IJ was skeptical of Zheng's Falun Gong claim because of her unremarkable knowledge of Falun Gong, and conflicts in the testimony between Zheng and her husband concerning her practice of Falun Gong.[2]

■ Zheng claims the adverse credibility determination regarding her Falun Gong can not be sustained because the IJ failed to sufficiently develop her testimony concerning her knowledge and practice of Falun Gong, and perceived discrepancies between her testimony and her husband's testimony result from her husband's inexperience and general lack of knowledge about Falun Gong.[3]

Although Zheng's counsel failed to question her about the Falun Gong claim, the Government and the IJ extensively probed Zheng about her knowledge of Falun Gong. We therefore reject Zheng's argument that the IJ failed to sufficiently develop Zheng's testimony regarding he practice of Falun Gong. Zheng's counsel attempted to withdraw the Falun Gong based asylum claim at the outset of the hearing but was faced with opposition from the IJ who was concerned about allowing the withdrawal of the claim since Zheng had already established that she was still practicing Falun Gong and still feared returning to China for that reason. Consequently, Zheng's counsel did not question her regarding the Falun Gong claim.

■ In addition, Zheng's husband made several statements that directly contradicted Zheng's testimony. For example,

1. Zheng's brief recites the legal principles underlying withholding of removal and relief under the CAT. *See* Appellant's Br. at 18–20. However, her argument seems limited to the denial of her asylum claim. This discrepancy is not, however, significant because, any claim for those two forms of relief would fail for the same reasons as her asylum claim.

2. The IJ also noted that the letter from Zheng's parents offered by Zheng as proof of her asylum claim was too general to adequately support her claim of past and possible future persecution due to her alleged practice of Falun Gong, and the IJ was skeptical because her answers to questions about Falun Gong, were not sufficiently detailed or specific. We do not attach the same significance to the suggested lack of detail about Falun Gong practice, and we are not as troubled by the letter as the IJ appeared to be. Nevertheless, as we explain, other problems with her testimony are sufficient to preclude overturning the IJ's adverse credibility determination.

3. Zheng also argues that her parents letter sufficiently corroborates her asylum claim.

Zheng testified that she only practices Falun Gong in her bedroom, on her bed. Her husband testified that he has only observed Zheng practicing Falun Gong in their living room. (*Compare* A.R. 185–85 *with* A.R. 208). Zheng's husband also testified that he regularly observed Zheng practicing Falun Gong in a seated, cross-legged position while Zheng repeatedly testified that she is unable to perform the Falun Gong exercises while seated and therefore only practices those exercises which may be done in a standing position. *(Compare* AR 191–192 *with* AR 208–209). Even without more, such discrepancies would support the IJ's skepticism of Zheng's asylum claim based Falun Gong practice.

### III.

 Zheng's challenge to the IJ's rejection of her claim of persecution based on coercive family planning also fails. Zheng states that the IJ had a, "prejudiced unilateral understanding of the asylum profile [2004 State Department report on China]." *See* Appellant's Br *at* 38. While it is true that the IJ appears to have relied heavily on the State Department's 2004 report of China's coercive family planning policy, Zheng mischaracterizes both the IJ's interpretation of the report and the contents of the report.

The 2004 State Department report states: "U.S. diplomats in China are not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures on their return." A.R. 316. The report goes on to note that in the Fujian province, where Zheng resided, there is little to no coercive implementation of China's family planning policy and that economic sanctions, when they are imposed, are modest and used to pay for the added social costs associated with two family households, such as education and healthcare. A.R. 313, 316. In addition, Zheng testified that she did not know of another situation where someone returned to her province from the United States with a child who had been born in the United States. Accordingly, there was no basis to fear that coercive policies would be applied to her. Her fears are largely based on the family planning that was forced upon others in her family, but the situations are not comparable to Zheng's.

Accordingly, assuming *arguendo* that Zheng has a subjective fear of persecution based on a coercive family planning policy, the record does not substantiate that fear as objectively reasonable. *See Zubeda v. Ashcroft*, 333 F.3d 463, 468 (3d Cir.2003). Zheng has offered no evidence to suggest that Chinese nationals returning to China with more than one child will be subject to forced sterilization or severe economic sanctions as required to establish that any subjective fear is objectively reasonable. On the contrary, substantial evidence in the record supports the IJ's determination that any such fear is unfounded.

Therefore, we will also deny the petition for review based on China's coercive family planning policy.

### IV.

 Lastly, Zheng argues that the Board erred in denying her motion to reopen based on ineffective assistance of counsel. In her petition for review, Zheng asserts that the Board applied *Matter of Lozada* too rigidly. Zheng claims that requiring aliens to strictly follow all of the procedural requirements of *Lozada* is contrary to our precedent. However, that is a misinterpretation of our case law. *See Lu v. Ashcroft*, 259 F.3d 127 (3d Cir.2001).

As the Board noted in its written opinion denying Zheng's motion to reopen, "an alien seeking to reopen proceedings by alleging ineffective assistance of counsel must (1) submit an affidavit demonstrating

and explaining in detail her agreement with her prior counsel regarding legal representation, (2) submit evidence that she has informed prior counsel of the allegations of ineffective assistance and provided the attorney with an opportunity to respond, and (3) file a complaint against the attorney with proper disciplinary authorities or explain why such a complaint has not been filed." A.R. 3 (citing *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988); *Lu v. Ashcroft*, 259 F.3d 127 (3d Cir.2001)).

Zheng failed to meet any of the elements set forth by *Lozada*. First, Zheng failed to describe in detail her agreement with the prior counsel regarding legal representation, including only the fact that she had filed her original appeal "through" him. Second, Zheng submitted the complaint against her prior attorney to the wrong Bar Association; Zheng's motion to the Board included a copy of a complaint filed with the Departmental Disciplinary Committee of New York. Zheng's prior attorney is a member of the New Jersey Bar. Third, Zheng failed to inform the prior attorney of her allegations of ineffective assistance of counsel. There is therefore nothing on the record to suggest that Zheng's prior attorney was afforded a proper opportunity to respond to the allegations against him as required by *Lozada*.

Accordingly, we will deny the petition insofar as it claims the Board erred in refusing to reopen based on ineffective assistance of counsel.

## V.

For all of the above reasons, we deny this petition for review.